IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JAMYCE VINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 3:22-cv-698 |
| | ) |
| CITY OF RICHMOND, VIRGINIA | ) |
| | ) |
| Defendant, | ) |

## ANSWER

COMES NOW the Defendant the City of Richmond, Virginia ("City"), by counsel, and files its Answer to the Complaint (the "Complaint") filed by Jamyce Vinson, and states as follows:

### NATURE OF CLAIMS

1. The City does not possess sufficient information to either admit or deny if the Plaintiff is a disabled person. The City admits that the Plaintiff began her employment with the City on October 21, 2014. The City admits that the Plaintiff took FLMA leave on August 23, 2021 and returned to work on October 25, 2021 and requested an accommodation. On November 23, 2021 the plaintiff was placed on administrative leave and was escorted from the building. The remaining allegations set forth in Paragraph 1 of the Complaint are denied.

2. The City admits that the Plaintiff was placed on administrative leave without pay on November 29, 2021 for violation of the City's Personnel Rules and Administrative Regulations. The City admits that a Pre-Disciplinary Conference/Notice of Grounds letter was sent to Plaintiff via certified mail on December 22, 2021 from Sheila White which speaks for itself. The City admits that a Pre-Disciplinary Conference Findings letter dated January 27, 2022 recommending

1

termination was sent to the Plaintiff on January 27, 2022. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3. This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 3 of the Complaint are denied.

**JURISDICTION, VENUE, AND ADMINISTRAIVE EXHAUSTION**

4. This paragraph contains legal conclusions to which no response is required. The City does not dispute the allegations in Paragraph 4 of the Complaint.

5. This paragraph contains legal conclusions to which no response is required. The City does not dispute Venue.

6. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

**PARTIES**

7. The City admits that the Plaintiff was employed with the City as an Accountant III between October 21, 2014 and November 2015. The City admits that the Plaintiff was promoted to Accounting Manager in the Finance Department in November 2015 and remained in that position until January 2022. The City admits that the Plaintiff was recommended for separation in January 2022. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 7 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

8.     This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 8 of the Complaint are denied.

## FACTS

**The Plaintiff Was a Star Employee**

9.     In response to Paragraph 9 of the Complaint, the City incorporates, by reference, its responses to the allegations set forth in Paragraph 1 through 8 as if fully set forth herein.

10.    The City admits the allegations contained in Paragraph 10 of the Complaint.

11.    The City admits that some of the essential job functions of the General Accounting Manager was to oversee and perform the accounting for the General Fund activities. In addition, Plaintiff was the finance liaison between Richmond Public Schools ("RPS") and the COR. The Plaintiff's job also included reviewing and managing reconciliations, preparing financial reports and schedules, addressing and responding to emails, and working on special projects. Plaintiff's duties also include training staff, assisting other departments throughout the City and preparing monthly reports for City Council and annual reports for the State. The remaining allegations contained in Paragraph 11 of the Complaint are denied.

12.    The City denies the allegations contained in Paragraph 12 of the Complaint.

13.    The City admits the Plaintiff was considered a subject matter expert in some areas due to her certification and length of service. The remaining allegations contained in Paragraph 13 of the Complaint are denied.

14.    The City admits the allegations contained in Paragraph 14 of the Complaint.

**The Plaintiff Develops Major Health Issues in January of 2021.**

15. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 15 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

16. The City denies the allegations contained in Paragraph 16 of the Complaint.

17. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 17 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

18. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 18 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

19. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 19 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

**The Plaintiff Reported Internal Misconduct to the Inspector General.**

20. The City admits that in July 2021, Vinson made a confidential complaint to the Office of the Inspector General regarding unreconciled accounts. The remaining allegations in Paragraph 20 of the Complaint are denied.

**The City of Richmond Retaliated.**

21. The City denies the allegations contained in Paragraph 21 of the Complaint.

22. The City denies the allegations contained in Paragraph 22 of the Complaint.

**The Plaintiff Took FMLA Leave in August of 2021.**

23. The City admits that on or around August 17, 2021 that White told Plaintiff she would be reporting to Virginia Irbay.

24. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 24 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

25. The City admits the allegations contained in Paragraph 25 of the Complaint.

**The Plaintiff Returned to Work in October of 2021.**

26. The City admits the allegations contained in Paragraph 26 of the Complaint.

27. The City admits the allegations contained in Paragraph 27 of the Complaint.

**After Returning from FMLA Leave, Vinson Was Again Bombarded With Unreasonably Large Amounts of Work.**

28. The City admits that the Plaintiff provided the City with a return to work note with restrictions/accommodations on October 25, 2021 recommending that she not work more than 40 hours per week and be allowed a lunch hour daily and up to four short breaks (five to ten minutes) for the optimal management and sustenance of her overall well-being. The remaining allegations contained in Paragraph 28 of the Complaint are denied.

29. The City denies the allegations contained in Paragraph 29 of the Complaint.

30. The City admits on October 25, 2021, the Plaintiff contacted Human Resources. The remaining allegations in Paragraph 30 of the Complaint are denied.

31. The City admits the allegations contained in Paragraph 31 of the Complaint.

32. The City denies the allegations contained in Paragraph 32 of the Complaint.

33. The City denies the allegations contained in Paragraph 33 of the Complaint.

34. The City admits the allegations contained in Paragraph 34 of the Complaint.

35. The City denies the allegations contained in Paragraph 35 of the Complaint.

36. The City denies the allegations contained in Paragraph 36 of the Complaint.

37. The City admits that White scheduled a meeting on Saturday, November 13, 2021 and that the Plaintiff was unable to attend the meeting. The remaining allegations contained in Paragraph 37 of the Complaint are denied.

38. The City admits that on November 13, 2021 the Plaintiff sent an email to White which speaks for itself. The remaining allegations contained in Paragraph 38 of the Complaint are denied.

**The Plaintiff Had an Accommodation Meeting with Sheila White in November of 2021.**

39. The City admits on November 22, 2021, Vinson, ADA Coordinator Kenner and White had a meeting to discuss the Plaintiff's request for accommodations. The remaining allegations in Paragraph 39 of the Complaint are denied.

40. The City denies the allegations contained in Paragraph 40 of the Complaint.

**The Next Day, White Retaliated Again And Put Vinson on Leave Without Pay and Started an Investigation.**

41. The City admits the allegations contained in Paragraph 41 of the Complaint.

42. The City denies the allegations contained in Paragraph 42 of the Complaint.

43. The City admits the allegations contained in Paragraph 43 of the Complaint.

44. The City does not possess sufficient information to either admit or deny when the Plaintiff received the letter. The City admits the remaining allegations contained in Paragraph 44 of the Complaint.

**The City of Richmond Placed Vinson's Picture in City Hall.**

45. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 45 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

**The City Violated Its Own Internal Policy.**

46. The City admits the allegations contained in Paragraph 46 of the Complaint.

47. The City admits that the Plaintiff was on administrative leave starting November 29, 2021 and remained on administrative leave as of May 31, 2022.  The remaining allegations contained in Paragraph 47 of the Complaint are denied.

**The Inspector General Issued a Report of the Investigation on January 11, 2022.**

48. The City admits the allegations contained in Paragraph 48 of the Complaint.

49. The City admits the allegations contained in Paragraph 49 of the Complaint.

50. The City admits the allegations contained in Paragraph 50 of the Complaint.

51. The City admits the allegations contained in Paragraph 51 of the Complaint.

52. The City admits the allegations contained in Paragraph 52 of the Complaint.

53. The City admits the allegations contained in Paragraph 53 of the Complaint.

54. The City admits the allegations contained in Paragraph 54 of the Complaint.

55. The City admits that the Department of Finance policy 2-030 is as stated in Paragraph 55.  The remaining allegations in Paragraph 55 of the Complaint are denied.

**Sixteen Days After Receiving the Inspector General's Report the City Recommends That Vinson be terminated.**

56. The City does not possess sufficient information to either admit or deny when the Plaintiff received the letter.  The City admits the remaining allegations contained in Paragraph 56 of the Complaint.

57. The City denies the allegations contained in Paragraph 57 of the Complaint.

**Vinson Still Remained on Administrative Leave for Over Six Months as the City Neither Changed Her Status Nor Terminated Her.**

58. The City admits the allegations contained in Paragraph 58 of the Complaint.

59. The City admits the allegations contained in Paragraph 59 of the Complaint.

60. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 60 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

61. The City admits the allegations contained in Paragraph 61 of the Complaint.

## COUNT ONE
### Discrimination and Retaliation in
### Violation of Va. Code § 8.01-216.8 (Fraud Against Tax Payers)

62. In response to Paragraph 62 of the Complaint, the City incorporates, by reference, its responses to the allegations set forth in Paragraph 1 through 61 as if fully set forth herein.

63. The City denies the allegations contained in Paragraph 63 of the Complaint.

64. The City denies the allegations contained in Paragraph 64 of the Complaint.

65. The City denies the allegations contained in Paragraph 65 of the Complaint.

66. The City denies the allegations contained in Paragraph 66 of the Complaint.

67. The City denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT TWO
### Wrongful Termination in Violation of Public Policy (VA Values Act)

68. In response to Paragraph 68 of the Complaint, the City incorporates, by reference, its responses to the allegations set forth in Paragraph 1 through 67 as if fully set forth herein.

69. This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 69 of the Complaint are denied.

70. This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 70 of the Complaint are denied.

71. The City denies the allegations contained in Paragraph 71 of the Complaint.

72. This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 72 of the Complaint are denied.

73. The City admits the allegations contained in Paragraph 73 of the Complaint.

74. The City denies the allegations contained in Paragraph 74 of the Complaint.

75. This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 75 of the Complaint are denied.

76. The City denies the allegations contained in Paragraph 76 of the Complaint.

77. The City denies the allegations contained in Paragraph 77 of the Complaint.

78. The City denies the allegations contained in Paragraph 78 of the Complaint.

## COUNT THREE
### Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)

79. In response to Paragraph 79 of the Complaint, the City incorporates, by reference, its responses to the allegations set forth in Paragraph 1 through 78 as if fully set forth herein.

80. The City admits the allegations contained in Paragraph 80 of the Complaint.

81. The City admits the allegations contained in Paragraph 81 of the Complaint.

82. The City admits that the Plaintiff was a salaried employee of the City. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 82 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

83. This paragraph contains legal conclusions to which no response is required. To the extent that an answer is deemed required, the allegations in Paragraph 83 of the Complaint are denied.

84. The City admits that the Plaintiff provided the City with a return to work note which speaks for itself on October 25, 2021. The remaining allegations in Paragraph 84 of the Complaint are denied.

85. The City denies the allegations contained in Paragraph 85 of the Complaint.

86. The City admits on November 22, 2021, Vinson, ADA Coordinator Kenner and White had a meeting to discuss the Plaintiff's request for accommodations. The remaining allegations in Paragraph 86 of the Complaint are denied.

87. The City admits the allegations contained in Paragraph 87 of the Complaint.

88. The City admits the allegations contained in Paragraph 88 of the Complaint.

89. The City admits the allegations contained in Paragraph 89 of the Complaint.

90. The City denies the allegations contained in Paragraph 90 of the Complaint.

91. The City denies the allegations contained in Paragraph 91 of the Complaint.

92. The City denies the allegations contained in Paragraph 92 of the Complaint.

**COUNT FOUR**
**ADA – 42 U.S.C. 12101** *et seq.*
**Disparate Treatment and Failure to Accommodate**

93. In response to Paragraph 93 of the Complaint, the City incorporates, by reference, its responses to the allegations set forth in Paragraph 1 through 92 as if fully set forth herein.

94. The City admits the allegations contained in Paragraph 94 of the Complaint.

95. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 95 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

96. The City denies the allegations contained in Paragraph 96 of the Complaint.

97. The City admits the allegations contained in Paragraph 97 of the Complaint.

98. The City denies the allegations contained in Paragraph 98 of the Complaint.

99. The City denies the allegations contained in Paragraph 99 of the Complaint.

100. The City admits the allegations contained in Paragraph 100 of the Complaint.

101. The City denies the allegations contained in Paragraph 101 of the Complaint.

102. The City denies the allegations contained in Paragraph 102 of the Complaint.

103. The City denies the allegations contained in Paragraph 103 of the Complaint.

104. The City denies the allegations contained in Paragraph 104 of the Complaint.

## COUNT FIVE
## FMLA Retaliation

105. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 105 of the Complaint. Accordingly, the City denies those allegations and demands strict proof thereof.

106. The City admits the allegations contained in Paragraph 106 of the Complaint.

107. The City admits that the Plaintiff began FMLA leave on August 23, 2021 and returned to work on October 25, 2021. The remaining allegations contained in Paragraph 107 of the Complaint are denied.

108. The City denies the allegation contained s in Paragraph 108 of the Complaint.

109. The City admits the allegations contained in Paragraph 109 of the Complaint.

110. The City admits the allegations contained in Paragraph 110 of the Complaint.

111. The City denies the allegations contained in Paragraph 111 of the Complaint.

112. The City denies the allegations contained in Paragraph 112 of the Complaint.

113. The City denies the allegations contained in Paragraph 113 of the Complaint.

No response is required to Plaintiff's Prayer for Relief "Conclusion." To the extent that a response is deemed required, the City denies that Plaintiff is entitled to damages or to any relief whatsoever.

Each and every allegation contained in Plaintiff's Complaint not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

The City states the following defenses to the claims asserted in Plaintiff's Complaint without assuming the burden of proof on any such defenses that would otherwise rest on the Plaintiff and with the reservation of its right to amend or supplement its responses to the Complaint, as well as its affirmative defenses, as information is obtained.

## FIRST AFFIRMATIVE DEFENSE

The City affirmatively asserts that Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The requested accommodations posed an undue hardship.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff failed to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

The City asserts that Plaintiff fails to state a claim for which relief can be granted under the ADA, or FMLA.

### SIXTH AFFIRMATIVE DEFENSE

The City's conduct and treatment of Plaintiff was based on legitimate, nondiscriminatory, and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

The City had an independent non retaliatory reason for terminating the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The City reserves the right to rely upon any and all other provable defenses to this action as it may be advised by subsequent discovery or by any evidence offered at any hearing or trial of this matter.

### NINTH AFFIRMATIVE DEFENSE

The City reserves the right to amend or enlarge upon these pleadings as it may be advised.

WHEREFORE, Defendant City of Richmond respectfully requests that this action be dismissed against the City with prejudice and that the City be awarded its costs expended in defense of this action including, but not limited to, its attorneys' fees, expert witness fees, court costs, and such other relief that the Court deems necessary and appropriate.

Date: November 22, 2022          Respectfully Submitted,

By:

_____/s/_____
Wirt P. Marks, Esquire (VSB #36770)
Senior Assistant City Attorney
Zachary P. Grubaugh, Esquire (VSB #83944)
Assistant City Attorney
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@rva.gov
Email: Zachary.Grubaugh@rva.gov
*Counsel for Defendant City of Richmond, Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to all counsel of record.

_____/s/_____
Wirt P. Marks, Esquire (VSB #36770)
Senior Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@rva.gov
*Counsel for Defendant City of Richmond, Virginia*