IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Jamyce Vinson,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No: 3:22-cv-968 |
| **CITY OF RICHMOND,** | ) |
| **Defendant.** | ) |

### MEMORANDUM IN SUPPORT OF CITY OF RICHMOND'S PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

COMES NOW the Defendant City of Richmond, ("City"), by counsel, and in support of its Rule 12(b)(6) Motion to Dismiss Count One and Count Two of the Complaint states as follows:

The Plaintiff filed a five (5) count Complaint under Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") alleging the City failed to provide the Plaintiff reasonable accommodations, and for discriminating against the Plaintiff because of her disability. See generally, Compl., ECF No. 1. The Plaintiff also alleges she was unlawfully terminated in violation of the Family and Medical Leave Act of 1939, 29 U.S.C. § 2601 et seq. ("FMLA"). Id. Plaintiff further alleges that her unlawful termination was done in retaliation in violation of state law, specifically Va. Code § 8.01-216.8 (Virginia Fraud against Tax Payers Act) ("VFATA") and Va. Code § 2.2-3900 (Virginia Human Rights Act) ("VHRA"). Id.

The City now files its partial Motion to Dismiss on the basis that Plaintiff has failed to state claims under Virginia law for Count One and Count Two. With respect to Count One, the alleged

1

conduct is not a "claim" under the VFATA. Further, in reference to Count Two, the Plaintiff has not fulfilled the remedial scheme under the VHRA, which is a prerequisite to a civil lawsuit.

## I. BACKGROUND

On October 28, 2022, Plaintiff filed a five-count Complaint (ECF No. 1) against the City of Richmond. The claims in Plaintiff's Complaint derive from two distinct allegations: (1) the Plaintiff claims she was retaliated against for reporting a "large discrepancy in the unreconciled city cash accounts to the Mayor and Inspector General of the City of Richmond[;]" and, (2) the Plaintiff claims she was subjected to various forms of discrimination and retaliation for her claimed disability and health issues. See generally, Compl. ECF No. 1.

The Plaintiff began her employment with the City of Richmond on October 21, 2014. Id. at ¶ 10. The Plaintiff alleges that starting in January 2021, she developed health issues, which included "extreme stress, anxiety, severe back pain, a sleep disorder, vitamin deficiencies and a digestive disorder that caused her to involuntarily vomit during the course of the day." Id. at ¶ 15. Presumably due to her complained-of health issues, the Plaintiff went on FMLA leave from August 23, 2021 until October 25, 2021. Id. at ¶ 26. The Plaintiff alleges that the City retaliated against her for taking FMLA leave (Count Five). Id. at ¶ 108. Further, the Plaintiff's allegations under Count Three and Count Four effectively involve the same set of operative facts, and relate to alleged discrimination due to her disability and a failure to accommodate. See generally, Id. Finally, the Plaintiff alleges she was terminated due to her disability and request for reasonable accommodations in violation of the ADA and VHRA (Count Two). Id. at ¶ 74.

Separate from the claims relating to her alleged disability and health issues, in July 2021, the Plaintiff made a complaint to the City's Inspector General regarding unreconciled finance accounts. Id. at ¶ 20. The Plaintiff alleges that these accounts "total[ed] over fourteen million

dollars in debt, debt that the City was hiding from the public." Additionally, in August 2021, the Plaintiff filed a subsequent Complaint with the Mayor's Office repeating the allegations made to the Inspector General. Id. at ¶ 50. The Plaintiff alleges she was ultimately terminated for these reports to the Mayor and Inspector General (Count One). Id. at ¶ 63. The City's partial Motion to Dismiss relates solely to Counts One and Two.

## II. LEGAL STANDARD

The purpose a motion under Rule 12(b)(6), is "to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 523 (4th Cir. 1994). In evaluating a 12(b)(6) motion, a court accepts all the properly pled allegations as true and construes all facts in the light most favorable to the Plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Chaudhry v. Mobil Oil Corp*., 186 F.3d 502, 504 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "need not accept as true mere legal conclusions couched as factual allegations." *Assa'Ad-Faltas v. Virginia*, 738 F. Supp. 982, 985 (E.D. Va. 1989)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct." *Lee v. City of Richmond*, 2013 U.S. Dist. LEXIS 38085, *5 (E.D. Va 2013).

### III.    ARGUMENT

#### A.  Plaintiff Failed to State a Claim under the VFATA

The VFATA rewards and protects employees and other individuals who report actions that defraud the state government by engaging in conduct that is defined in the "false claims section," as described in Va. Code § 8.01-216.3. See United States ex rel. Martinez v. Virginia Urology Ctr., P.C., 2010 U.S. Dist. LEXIS 77078, *16-17 (E.D. Va. 2010) (internal quotations citations omitted) (the VFATA provides "whistle-blower protections" to "any employee who is discharged . . . or in any other way discriminated against . . . because he has [1] opposed any practice referenced in § 8.01-216.3 or [2] because he has initiated, testified, assisted, or participated in any manner in any investigation, action, or hearing under [the VFATA]."). The anti-retaliation provision for employees who report actions that defraud the state government states in relevant part:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment **because of lawful acts done by the employee, contractor, agent, or associated others in furtherance of an action under this article or other efforts to stop one or more violations of this article**.

Va. Code § 8.01-216.8 (emphasis added). Thus, the relevant sections of the VFATA make clear that the retaliation must relate to an action under the VFATA or an effort to stop a violation of the VFATA.

"To establish a prima facie case of retaliation under the VFATA, a plaintiff must plausibly allege that: (1) he engaged in a protected activity; (2) the employer knew about the activity; and (3) the employer retaliated against him in response." Atchariyakornchai v. Frederick Cty. Sanitation Auth., 2018 U.S. Dist. LEXIS 168897, *8 (W.D. Va. 2018). "Courts typically

4

consider two types of actions to be protected: if the act (1) is taken in furtherance of an action under the [VFATA], or (2) represents other efforts to stop one or more [VFATA] violations." Id.

Even if we take the Plaintiff's allegations as true, simply put, the Plaintiff has not engaged in protective activity **with regard to a claim under the VFATA**. VFATA's definition of a claim is defined as follows: "any request or demand, whether under contract or otherwise, for money or property, regardless of whether the Commonwealth has title to the money or property, that (i) is presented to an officer, employee, or agent of the Commonwealth . . . ." Va. Code § 8.01-216.2. The Plaintiff's Complaint is completely silent as to how any action by the City or its employees falls under the conduct proscribed in the VFATA. The Complaint does not even reference any of the conduct in Va. Code § 8.01-216.3. Therefore, it is unclear on the face of the Complaint how unreconciled finance accounts falls under the purview of the VFATA.

That notwithstanding, and perhaps even more significantly, the Plaintiff's Complaint makes no allegation that the City or an employee of the City made a request or demand for money that was presented to the Commonwealth or any of its employees, or agents. At its core, the VFATA seeks to provide a mechanism for individuals to report activities that defraud the state government via false or fraudulent claims for payment submitted to the Commonwealth. The Plaintiff's Complaint sets forth no facts to suggest that there was any "VFATA qualifying" request or demand for payment by a City employee to the Commonwealth of Virginia. As such, the Plaintiff's Complaint makes no allegation that the City, or an employee of the City, engaged in an action that meets the definition of a claim under the VFATA. See Va. Code § 8.01-216.3. Accordingly, the Plaintiff has not sufficiently alleged that she engaged in protected activity as it relates to a claim under the VFATA. For these reasons, the Plaintiff's claim under Count One should be dismissed.

### B. The Plaintiff has not Fulfilled the Remedial Scheme under the VHRA

In Count Two, Plaintiff claims that the City's termination of the Plaintiff's employment violated "the public policy underlying the Virginia Human Rights Act, Va. Code § 2.2-3902." Compl. at ¶ 71.  In doing so, the Plaintiff attempts to assert a "Bowman Claim" under the VHRA. A "Bowman claim" permits an at-will employee to bring a tortious wrongful discharge claim if the termination violates Virginia public policy, as outlined in a Virginia Statute.  See Bowman v. State Bank of Keysville, 229 Va. 534, 540, 331 S.E.2d 797, 801 (1985).  In the present case, the Plaintiff points to the VHRA as the statutory foundation for her claimed public policy violation.  See Compl. at ¶ 70.  However, for the reasons stated below, the Plaintiff is prohibited from attempting to bypass the remedial scheme outlined in the VHRA by asserting a Bowman claim.

In Virginia, common law claims for wrongful discharge can only derive from three circumstances: (1) "an employer violated a policy enabling the exercise of an employee's statutorily created right;" (2) "the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy;" or (3) "the employee's refusal to engage in a criminal act." Rowan v. Tractor Supply Co., 263 Va. 209, 213-14, 559 S.E.2d 709, 710-11 (2002).  However, the Plaintiff cannot bring a Bowman claim where a Virginia statute provides a remedial scheme.  See Hice v. Mazzella Lifting Techs., Inc., 2022 U.S. Dist. LEXIS 38857, *24 (E.D. Va. 2022)(finding Plaintiff cannot proceed with a Bowman claim because the VHRA provides its own remedial scheme and contemplates employees bringing a cause of action based on age and/or disability discrimination under the statute).

Virginia Courts have consistently held, "when a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says

otherwise." Concerned Taxpayers of Brunswick Cty. v. Cty. of Brunswick, 249 Va. 320, 330, 455 S.E.2d 712, 717 (1995).  See also, Williams v. TMS Int'l, LLC, 2021 U.S. Dist. LEXIS 169544, *18 (E.D. Va. 2021) ("when a state statute already contains a remedial scheme for violations of a statutory right, a plaintiff does not need a *Bowman claim* to vindicate the statute's underlying public policy.");  Carmack v. Virginia, 2019 U.S. Dist. LEXIS 58816, *38 (W.D. Va 2019), at *13-14 (finding that Va. Code Ann. § 2.2-3000, Virginia's State Grievance Procedure, contained a "formal process for resolving employment-related disputes" and could not give rise to a Bowman claim because that would "enable a plaintiff to circumvent extensive remedial schemes crafted by the Virginia General Assembly, thereby rendering them a nullity"); Hice, 2022 U.S. Dist. 38857 at *25 ("Plaintiff cannot work around the structure, limitations, and remedies of the VHRA by bringing a related Bowman claim. The VHRA prescribes an extensive remedial scheme that employees must follow when relying on the rights and policies articulated in the Act.").  As such, the Plaintiff cannot bypass the VHRA's extensive remedial scheme by attempting to bring a Bowman claim under the VHRA.

      The Plaintiff has failed to allege any facts that she followed the procedural requirements for a charge of unlawful discrimination, as outlined in Va. Code § 2.2-3907.  Section 2.2-3907(a) states that any person who purports to have been aggrieved by unlawful discrimination may file a complaint with the "Office of Civil Rights of the Department of Law ("the Office").  Va. Code Va. Code § 2.2-3907(a).  From there, the Office investigates the allegation to determine whether there is sufficient evidence to support a reasonable cause finding that the alleged discrimination occurred.  Id. at (D).  Paragraph (H) describes the procedure for seeking a right to file a civil action, and states, "[u]pon receipt of a written request from the complainant, the Office shall promptly issue **a notice of the right to file a civil action** to the complainant after (i) 180 days

7

have passed from the date the complaint was filed or (ii) the Office determines that it will be unable to complete its investigation within 180 days from the date the complaint was filed." Id. at (H). Finally, Section 2.2-3908(a) further provides, "An aggrieved person who has been provided **a notice of his right to file a civil action pursuant to § 2.2-3907 may commence a timely civil action** . . . ." Va. Code § 2.2-3908(a). Consequently, the Plaintiff must comply with the remedial scheme as a prerequisite to filing a civil action under the VHRA. The Plaintiff has not established or pled that she has met the procedural requirements to file a civil action under the VHRA, and thus she has not stated a claim under the statute.

## IV. CONCLUSION

For the reasons stated above, the City respectfully requests that this Honorable Court dismiss Count One and Count Two of the Plaintiff's Complaint with prejudice.

Respectfully Submitted,

_____/s/_____
Wirt P. Marks, Esquire (VSB #36770)
Senior Assistant City Attorney
Zachary P. Grubaugh, Esquire (VSB #83944)
Assistant City Attorney
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@rva.gov
Email: zachary.grubaugh@rva.gov
*Counsel for City of Richmond*

**CERTIFICATE OF SERVICE**

I, Wirt P. Marks, hereby certify that on the 22nd day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to all counsel of record.

Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)
Shelley Cup Schulte, P.C.
3 W Cary Street
Richmond, Va 23220
(804) 644-9700
(804) 278-9634
Shelley@scs-work.com
Schulte@scs-work.com

_____/s/_____
Wirt P. Marks, Esquire (VSB #36770)
Senior Assistant City Attorney
Zachary P. Grubaugh, Esquire (VSB #83944)
Assistant City Attorney
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@rva.gov
Email: zachary.grubaugh@rva.gov
*Counsel for City of Richmond*